*188 OPINION OF THE COURT
George B. Ceresia, Jr., J.
In this CPLR article 78 proceeding, petitioner Roberta Reno (Reno) seeks reinstatement, with back pay, to her position as Court Clerk in the Town of East Greenbush, New York.
Petitioner claims that she was terminated from her position in violation of Town Law § 20 (1) (a).
Facts
Petitioner Roberta Reno was first appointed as a Court Clerk in East Greenbush in January 1978. Ms. Reno was successively reappointed to that position until approximately 1988 when she was appointed Senior Court Clerk. She served continuously in that position until March 13, 1996, when she was appointed as Court Clerk to Town Justice Charles Assini, Jr. Prior to March 13, 1996, Ms. Reno’s responsibilities and duties were to assist both Town Justices of the court. After that date, her responsibilities were solely to Justice Assini and she worked solely at his direction. The other East Greenbush Town Justice, Catherine Cholakis, was on March 13, 1996 also assigned an individual court clerk who was solely responsible to her. A third court clerk worked for and was responsible to both Town Justices.
Each of the clerks performed clerical functions including processing paper work, receiving and recording fines, and docketing dispositions.
By letter dated March 22, 1996, Town Justice Cholakis, who had taken office on January 1,1996, wrote to the Town Supervisor Michael Van Voris concerning measures that Justice Cholakis believed were necessary to correct deficiencies noted in an audit report issued by the State Comptroller on October 27, 1995. In the letter, Justice Cholakis, in referring to Ms. Reno when Ms. Reno held the position of Senior Court Clerk, stated that her (Justice Cholakis) attempts in her first 90 days at initiating corrective measures had "been met with blatant defiance by the current Senior Court Clerk”. Justice Cholakis further wrote, "I formally demand that the Senior Court Clerk be terminated immediately.”
Thereafter, Justice Cholakis gave the Town Board, through its attorney, an affidavit dated June 6, 1996 alleging that on two occasions arrest warrants not authorized by Justice Cholakis had been issued using a signature stamp which Justice Cholakis had given to Ms. Reno upon Ms. Reno’s *189 request. Additionally, the affidavit alleges that Ms. Reno directly countermanded Justice Cholakis’ instruction to a defense attorney that directed the defendant to turn his license into court pending a hearing. It is alleged that Ms. Reno returned the license advising the defendant that that was not the way the court did things.
As a result of the allegations in the affidavit, and other unspecified information, respondents (Town Board) by resolution dated June 12, 1996 unanimously voted to immediately suspend Ms. Reno as Court Clerk, without pay, and to have respondents’ law firm investigate the matter. No time limitation as to the suspension or the investigation was set by the Town Board. Further, the Town Board, which considers Ms. Reno to be an at-will employee, set forth no conditions which if met would result in either the reinstatement or the termination of Ms. Reno. Justice Assini was not consulted for his advice, did not, and does not consent to the Town Board’s action.
Opinion
Prior to June 19, 1990, all court clerks in first class towns, such as East Greenbush, were appointed solely by the Town Board, pursuant to Town Law § 20 (1) (a). In 1990, the Legislature amended Town Law § 20 (1) (a) (L 1990, ch 252, § 1, eff June 19, 1990) to add: "The clerk of the court of a town shall be employed and discharged from employment only upon the advice and consent of the town justice or justices.”
Section 3 of chapter 252 of the Laws of 1990 states: "This act shall * * * apply to clerks employed or discharged from employment on or after the date on which this act shall have become a law.”
The 1990 amendment to Town Law § 20 (1) (a) was a significant step by the Legislature in ensuring the independence of the judicial branch of town governments. The Legislature recognized that while Town Justices necessarily rely upon court clerks to keep legally required financial and docket books, records and reports, the ultimate responsibility for fulfillment of those duties lies solely with the Town Justice (see, UJCA 107; 22 NYCRR 214.9, 214.11). Failure to comply with such requisites, even if such failure actually was the fault of a court clerk, could result in the judicial discipline or removal of the Town Justice (see, Mem of Off of Ct Admin, 1990 McKinney’s Session Laws of NY, at 2925; Mem of Sen Volker, Chapter Law Mem, ch 252, 1990 NY Legis Ann, at 137). The aim of the *190 amendment was to give Town Justices a statutorily founded measure of control over their court clerks to ensure that the Justices could have confidence in the ability and trustworthiness of the clerks working for them {ibid).
It is the respondents’ contention that the provisions of Town Law § 20 (1) (a) do not apply in this case since Ms. Reno was suspended — not discharged — from her employment, and thus her situation is not covered. Respondents further contend that, in any event, the Town’s action complies with section 20 (1) (a) since the section requires the advice and consent of the town "justice or justices”, and Town Justice Cholakis consents to the action.
The court is of the opinion that neither contention withstands scrutiny.
The 1990 amendment to Town Law § 20 (1) (a) applies where a court clerk "shall be employed” or "discharged from employment” on or after June 19, 1990. In the court’s opinion, the Town Board’s action of unconditionally suspending petitioner without pay for an indefinite period is tantamount to discharge and thus falls within the purview of section 20 (1) (a).
However, even if the Town Board’s action was not considered a discharge from employment, the 1990 amendment language would still encompass the instant situation. Respondents have interpreted the word "employed” in section 20 (1) (a) as being synonymous with the word "hired”. Such interpretation is in the court’s view too narrow. Even though the legislative rationale for the amendment emphasized the hiring and firing aspects of court clerk employment (see, Mem of Off of Ct Admin, 1990 McKinney’s Session Laws of NY, at 2925; Mem of Sen Volker, Chapter Law Mem, ch 252, 1990 NY Legis Ann, at 137), the Legislature by using the word "employed” did not restrict Town Justice involvement to only the hiring and firing aspects of court clerk employment.
The word "employed” is defined as follows: "Employed. Performing work under an employer-employee relationship. Term signifies both the act of doing a thing and the being under contract or orders to do it. To give employment to; to have employment.” (Black’s Law Dictionary 525 [6th ed 1990].) "[Ejmployed. Being engaged in rendering services or being under contract for the rendition of services. United States v Morris (US) 14 Pet 464, 475, 10 L Ed 543, 548. The services may be intellectual or physical. 31 Am J Rev ed Lab § 783.” (Ballentine’s Law Dictionary 399 [3d ed 1969].)
*191 It seems clear that the 1990 amendment language requires advice and consent of the Justice or Justices not only for hiring and firing but for any and all aspects of court clerk employment. As such, the amendment provisions apply in the instant case even if the action of the Town Board were to be viewed as not constituting a discharge of petitioner from her employment.
Respondents’ second contention, i.e., that Town Justice Cholakis’ consent to petitioner’s discharge satisfies the statute, seems to be in logical conflict with the spirit and intent of the amendment. Petitioner’s responsibility at the time of the Town Board’s action was exclusively to Town Justice Assini. Under respondents’ interpretation of the amendment, the Town Board could, based upon the sole consent of Town Justice Cholakis, fire Town Justice Assini’s clerk, and hire a new court clerk for him, regardless of Justice Assini’s wishes and irrespective of whether Justice Assini had confidence in the ability and trustworthiness of his clerk.
The court concludes that under the strictures of the 1990 amendment, Town Board actions as to a court clerk may be taken only with the advice and consent of the Justice or Justices to whom the court clerk is responsible. Thus, as to the employment of the East Greenbush Court Clerk who reports to both Justices, the advice and consent of both Town Justices Cholakis and Assini must be obtained. As to the court clerks reporting exclusively to an individual Justice, the advice and consent of the affected Justice must be obtained (see, 1991 Opns Atty Gen [Inf Opns] 91-49).
Accordingly, the court concludes that since the action of the Town Board against petitioner was not taken with the advice and consent of Town Justice Charles Assini, Jr., the action was in violation of lawful procedure, was affected by error of law and was otherwise violative of each of the standards set forth in CPLR 7803 (3).
Therefore, it is ordered and adjudged that the petition herein is granted, and it is further ordered and adjudged that petitioner Roberta Reno be reinstated to the position of Court Clerk of the Town of East Greenbush retroactive to June 12, 1996, and it is further ordered and adjudged that petitioner Roberta Reno be reinstated with pay and all applicable benefits retroactive to June 12, 1996.